UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO.: 5:22-cv-00164

STEVEN M. SMITH,

    Plaintiff,

v.

BETWEEN THE HEDGES LANDSCAPE, LLC
AND DEWEY B. CLARK,

    Defendants.

_____/

## COMPLAINT

    Plaintiff, Steven M. Smith, sues Defendants, Between the Hedges Landscape, LLC, and Dewey B. Clark, as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Steven M. Smith, (the "Smith"), is over eighteen years old and has been a *sui juris* resident of Jackson County, Florida, at all times material.

2. Defendant, Between the Hedges Landscape, LLC, is a sui juris Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit business in Calhoun County, Florida, at all times material, where it maintains its principal place of business.

3. Defendant, Dewey B. Clark, was at all times material an owner/office/director/manager of Between the Hedges Landscape, LLC, for the time period relevant to this lawsuit. Between the Hedges Landscape, LLC and Dewey B. Clark shall be collectively referred to as "Defendants".

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. § 201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal place of business in this District, because Smith worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or were satisfied by Smith.

7. Smith retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME WAGE VIOLATION
## (AGAINST DEFENDANTS)

8. Smith reincorporates and re-alleges all preceding paragraphs as though set forth fully herein.

9. Defendants collectively operated as Smith's "employer(s)" for purposes of the Fair Labor Standards Act ("FLSA"), as that term "employer" is defined by 29 U.S.C. § 203(d).

10. Defendants cooperated/coordinated to manage Smith and his work, to pay Smith for his work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, providing the tools, materials, and supplies for their workers, and providing work assignments for their workers.

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the FLSA.

12. Defendants were at all times material engaged in interstate commerce in the course of their use of dump trucks, tractors, and equipment that have all moved through interstate commerce.

13. Defendants also, as part of their services, provide pavers, materials to clear land, and materials to pave highways, that previously traveled in interstate commerce.

14. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants' annual gross revenues derived from this interstate commerce is believed to be in excess of $500,000.00 per year and/or in excess of $125,000.00 for each fiscal quarter during the preceding three years.

17. Smith was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

18. Smith was a non-exempt employee of Defendants.

19. Smith consents to participate in this lawsuit.

20. Smith worked for Defendants as a dump truck driver.

21. Smith worked for Defendants from December 1, 2021 through May 31, 2022.

22. During this time, Smith regularly and routinely utilized telephones, cellular telephones, vehicles and other goods and supplies that moved through interstate commerce.

23. To the extent that records regarding the exact dates of Smith's employment exist, such records are believed to be in the exclusive custody of Defendants.

24. Smith would regularly and routinely work more than forty (40) hours in a workweek for Defendants.

25. Defendants would reduce one (1) hour from each workday's timesheet to account for an hour of lunch Smith would not take. Smith worked through lunch every workday.

26. Defendants failed and refused to pay Smith overtime wages calculated at time and one-half times of Smith's regular hourly rate(s) for pay for all of the hours worked beyond forty (40) hours in a given workweek.

27. Defendants willfully and intentionally refused to pay Smith wages at a rate of time and one-half times of Smith's regular rate of pay for each of the overtime hours worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Smith an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Smith to believe that Defendants were not required to pay an overtime rate or to pay Smith for the hour of lunchtime he never took, and/or Defendants concocted a scheme pursuant to which they deprived Smith the overtime pay earned.

29. Smith is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus attorneys' fees and costs.

WHEREFORE, Plaintiff, Steven M. Smith, demands entry of a judgment in his favor and against Defendants, Between the Hedges Landscape, LLC, and Dewey B. Clark, jointly and severally after trial by jury, and as follows:

    a. That Smith recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Smith recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Smith recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Smith recover all interest allowed by law;

e. That Defendants be Ordered to make Smith whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Steven M. Smith, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of August 2022,

        **DJEBELLI TORRES PLLC**
        /s/ *Vanessa D. Torres, Esq.*
        Vanessa D. Torres, Esquire
        Florida Bar Number 93113
        2100 Coral Way, PH 701
        Coral Gables, Florida 33145
        Office        (305) 661-3908
        Facsimile   (305) 647-6026
        Service email   service@dtlawfl.com
        Email        vanessa@dtlawfl.com
        *Attorney for Plaintiff*