# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**STEVEN M. SMITH,**

    **Plaintiff,**

v.                                                                **Case No. 5:22-cv-164-AW-MJF**

**BETWEEN THE HEDGES**
**LANDSCAPE, LLC, and DEWEY B.**
**CLARK,**

    **Defendants.**

_____/

## **INITIAL SCHEDULING ORDER**

    1.    Plaintiff Steven Smith sued two defendants, alleging violations of the Fair Labor Standards Act. ECF No. 1. Defendants filed an answer. ECF No. 7.

    2.    To assist in the management of this case, and to promote early and cost-effective resolution, the parties are ORDERED to comply with the following:

        a.    No later than 14 days from the date of this Order, Plaintiff must (i) answer this court's interrogatories (below) under oath or penalty of perjury and (ii) serve a copy on Defendants.

            *i.*    *When did you first begin working for a Defendant?*

            *ii.*    *Are you still employed by a Defendant, and if not, when did your employment cease?*

            *iii.*    *Who was your immediate supervisor?*

            *iv.*    *Did you have a consistent work schedule? If so, specify.*

            *v.*    *What was your title or position? Briefly describe your job duties.*

    *vi.* *What was your regular rate of pay (as defined by 29 C.F.R. § 778.107, et seq.)? If your regular rate of pay was not consistent throughout your employment, please explain.*

    *vii.* *Provide a specific accounting of your claim including: (a) the date(s) the alleged violation(s) occurred; (b) the number of regular hours worked; (c) the number of regular hours paid; (d) the number of overtime hours worked; (e) the number of overtime hours paid; (f) the rate at which overtime hours were paid; (g) the total pay received versus the total pay owed; and (h) the total amount claimed, including any claim for liquidated damages.*

    *viii.* *When did you, or your attorney, first complain to your employer about alleged FLSA violations?*

    *ix.* *Was the complaint written or oral? If a written complaint, attach a copy.*

    *x.* *What was your employer's response? If a written response, attach a copy.*

  b. No later than 14 days after Plaintiff serves the interrogatory answers, Defendants must serve on Plaintiff (but not file) (i) a verified summary of all hours Plaintiff worked during each relevant pay period, and the rate of pay and the wages paid, including any overtime pay, and (ii) a copy of all time sheets and payroll records that support or relate to the time periods in the verified summary.

  c. No later than 30 days after Defendants serve the verified summary, counsel for Plaintiff and Defendants must meet and confer in person in a good-faith effort to settle all pending issues, including attorney's fees and costs.

  d. No later than 10 days after the settlement conference, counsel must jointly file a report indicating whether: (i) the parties have settled the case; (ii) the parties have not settled but wish to continue settlement discussions; (iii) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specified date; (iv) either party

requests a settlement conference before the United States Magistrate Judge; or (v) the parties have exhausted all settlement efforts. If the joint report indicates the parties have exhausted all settlement efforts, they must promptly conduct a Rule 26(f) conference and—no later than 20 days after filing their joint report—must file a Rule 26(f) report as set out below.

3. Until further order, (i) all discovery in this case is STAYED except as provided by this order, and (ii) the provisions of Rule 26(a)(1) concerning the initial disclosures and filing of a case management report are waived.

4. At the parties' Rule 26(f) conference (if one is required under paragraph 2(d), above), the attorneys must address the matters set out in Rules 16(b)(3)(A), 16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3). The attorneys may meet telephonically, by video conference, or in person. Written exchanges are insufficient. The Rule 26(f) report that follows (see above) must address the matters set out in Rules 16(b)(3)(A), 26(f)(2), and 26(f)(3), and it may address any other scheduling or case-management issues.

5. The parties must promptly confer on whether they consent to have a magistrate judge preside over the entire case. *See* Fla. N.D. Loc. R. 73.1. Within 20 days of the date of this order, they must file a notice confirming they have done so, but the notice must not set out the parties' positions unless all parties consent to have a magistrate judge preside. If the parties do all consent, they should execute and file the attached consent form.

6. No later than 14 days after entry of this order, unless it has already done so, each corporate party must file a disclosure statement as required by Rule 7.1.

SO ORDERED on October 14, 2022.

                                                  s/ *Allen Winsor*
                                                  United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**STEVEN M. SMITH,**

    **Plaintiff,**

**v.**                                                     **Case No. 5:22-cv-164-AW-MJF**

**BETWEEN THE HEDGES LANDSCAPE, LLC, and DEWEY B. CLARK,**

    **Defendants.**

_____/

## NOTICE AND CONSENT REGARDING REFERENCE OF CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.*